## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JAY JUAN-JARMAINE JONES,

|  |  |
|---|---|
|  | Case No.: _____ |
| Plaintiff, | District Judge: _____ |
|  | Magistrate Judge: _____ |

v

UBER TECHNOLOGIES, INC.,

      Defendant,

---

DAILEY LAW FIRM, PC
Brian T. Dailey (P39945)
Lauren M. Sitto (P82019)
Attorney for Plaintiff
36700 Woodward Avenue, Suite 107
Bloomfield Hills, MI 48304
(248) 744-5005
Lauren@DaileyLawyers.com

---

*A civil action between these parties or other parties arising out of the*
*transaction or occurrence alleged in the complaint has been previously filed in*
*Wayne County Circuit Court where it was given case number 19-000062-NF*
*and assigned to Judge Martha M. Snow. The action remains pending.*

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff, JAY JUAN-JARMAINE JONES, by and through his counsel,

DAILEY LAW FIRM, PC, and for his Complaint against the above-named Defendant states unto

this Honorable Court as follows:

## JURISDICTIONAL ALLEGATIONS

1. Pursuant to 28 USC § 1332, there is complete diversity in that Plaintiff, Jay Juan-Jarmaine

Jones (hereinafter "JONES") and Defendant, Uber Technologies, Inc. (hereinafter "UBER"), are

residents / incorporated in different States; Plaintiff being a resident of the City of Oak Park, the

County of Oakland, and the State of Michigan, and Defendant Corporation with its principal place

of business in San Francisco, California.

2.      Pursuant to LR. 81.1(a) and (b) and 28 USC § 1332(a), the amount in controversy exceeds the sum of Seventy-Five Thousand and 0/100 ($75,000.00) Dollars, exclusive of costs, interest, and attorney fees, and venue is otherwise proper in this Court.

## COUNT I – GENERAL ALLEGATIONS

3.      Plaintiff repeats and incorporates by reference all previous paragraphs as though more fully set forth herein.

4.      That on or about June 26, 2018, Saifuldeen Maryoosh was the operator of a motor vehicle bearing license plate number DTF8736 as it was travelling northbound on Southfield Road at or near its intersection with Eleven Mile Road when he was unable to stop in time before crashing into and rear-ending Plaintiff, JONES.

5.      That at the same time, Plaintiff, JONES, was travelling northbound on Southfield Road at or near its intersection with Eleven Mile Road whereupon his vehicle was stopped at a red light and struck from behind by Saifuldeen Maryoosh.

6.      That on June 26, 2018, operator, Saifuldeen Maryoosh, was operating his vehicle under his employer, UBER, and was in the midst of dropping a client off to their final destination.

7.      That on June 26, 2018, operator, Saifuldeen Maryoosh, owed a duty to Plaintiff, JONES, to operate the vehicle in a careful and reasonable manner under the Motor Vehicle Code of the State of Michigan, being MSA 9.2101, *et seq*, as well as the Common Law, but breached said duty in one or more of the following particulars so far as is presently known.

8.      That among those Statutes violated include, but are not limited to the following:

> MCL 257.626        Reckless driving;
>
> MCL 257.626(B)     Careless or negligent driving;
>
> MCL 257.627        General restrictions as to speed and assured

2

clear distance; and

MCL 257.628 Failure to observe a speed limit or traffic control device.

9. That Plaintiff, JONES, sustained personal injuries as a direct and proximate result of the negligent acts or omissions as alleged herein.

10. That as a direct and proximate result of the negligence of Saifuldeen Maryoosh, the Plaintiff:

a. Sustained severe bodily injuries, which were painful, disabling and necessitated medical care;

b. Suffered shock and emotional damage;

c. Sustained possible aggravation of pre-existing conditions and / or reactivation of dormant conditions.

d. Was unable to attend his usual affairs;

e. Was hampered in his enjoyment of the normal pursuit of life as before;

f. Suffered injuries that are permanent to the degree that Plaintiff suffered losses in his ability to earn money as before and will have impaired earning capacity in the future; and

g. Will continue to have pain and suffering as well as permanency, all as a result of the operator's negligence as heretofore alleged.

11. As a direct and proximate result of the negligence of Saifuldeen Maryoosh, Plaintiff sustained injuries that constitute a serious impairment of bodily function as objectively impairment of an important body function that affects the Plaintiff's general ability to live his normal life including but not limited to injuries to: head, neck, shoulders, back, headaches, dizziness, ringing

in ears, right buttock, right thigh, right hip, knees, right foot, traumatic brain injury, memory loss, anxiety, insomnia, post-traumatic stress disorder together with ongoing pain as well as an aggravation of pre-existing conditions and / or reactivation of dormant conditions and other severe injuries.

12.     The amount in controversy in this action is more than Seventy-Five Thousand and 0/100 ($75,000.00) Dollars, exclusive of interest, costs or attorney fees.

WHEREFORE Plaintiff, JONES, respectfully prays for damages in his favor and against Defendant, UBER, in whatever amount the Plaintiff is found to be entitled, together with any costs, interest, or attorney fees so wrongfully sustained.

## COUNT II – NEGLIGENT HIRING, SUPERVISION AND RETENTION

13.     Plaintiff repeats and incorporates by reference all previous paragraphs as though more fully set forth herein.

14.     Defendant, UBER, owed Plaintiff, JONES, and the general public a duty of reasonable care in the screening, hiring, training, control, management, supervision, and retention of its drivers, including Saifuldeen Maryoosh.

15.     Defendant, UBER, breached that duty of reasonable care in the screening, hiring, training, control, management, supervision, and retention of its drivers, including Saifuldeen Maryoosh.

16.     Defendant, UBER, failed to adequately investigate the skill, competence, ability, and prior conduct of its drivers, including Saifuldeen Maryoosh, to determine whether such drivers could perform their job duties in a reasonable manner, whether such drivers had a history of violent or otherwise wrongful conduct, and whether such drivers would pose an unreasonable risk of harm.

17.     Saifuldeen Maryoosh, was unfit and incompetent to perform the work for which he was hired and had a history of violent or otherwise wrongful conduct, and / or posed an unreasonable

4

risk of harm and injury.

18.    Defendant, UBER, knew or through the exercise of reasonable care should have known, that Saifuldeen Maryoosh, was unfit and incompetent to perform the work for which he was hired, had a history of violent or otherwise wrongful conduct, and / or posed an unreasonable risk of harm and injury.

19.    The negligence of Defendant, UBER, in the screening, hiring, training, control, management, supervision, and retention of its drivers, including Saifuldeen Maryoosh, was a substantial factor in causing harm and injury to Plaintiff.

20.    As a direct and legal result of the aforesaid negligence and carelessness of Defendant, UBER, Plaintiff, JONES, was injured in his health, strength, and activity, sustaining severe shock and injury to his nervous system and person, causing Plaintiff mental, physical, and nervous pain and suffering, anxiety, and emotional distress, all to his general damage in an amount to be determined.

21.    As a direct and legal result of the aforesaid negligence and carelessness of Defendant, UBER, Plaintiff, JONES, was prevented from performing his usual and customary job duties, and may continue to be unable to perform his usual and customary job duties in the future, resulting in economic damages in an amount to be determined.

WHEREFORE Plaintiff, JAY JUAN-JARMAINE JONES, respectfully prays for damages in his favor and against Defendant, UBER TECHNOLOGIES, INC., in whatever amount the Plaintiff is found to be entitled, together with any costs, interest, or attorney fees so wrongfully sustained.

Respectfully Submitted,
DAILEY LAW FIRM, PC

Dated: November 18, 2019

/s/Lauren M. Sitto
Lauren M. Sitto (P82019)
Attorney for Plaintiff
36700 Woodward Avenue, Suite 107
Bloomfield Hills, MI 48304
(248) 744-5005
Lauren@DaileyLawyers.com